STATE OF WEST VIRGINIA

*In re* **D.S. and L.S.**

**No. 19-0076** (Lewis County 18-JA-7 and 18-JA-8)

**FILED**

**June 12, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother H.D., by counsel Hunter D. Simmons, appeals the Circuit Court of Lewis County's December 17, 2018, order terminating her parental rights to D.S. and L.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Dennis J. Willett, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period and in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 20, 2018, the DHHR filed an abuse and neglect petition alleging that the parents had little to no contact with D.S., who lived with his paternal grandmother. Petitioner had an open Child Protective Services ("CPS") case and advised the CPS worker that she was homeless and had been sleeping in her car when she could not stay at a friend's house. Petitioner did not want to go to a homeless shelter, and when the CPS worker advised petitioner that she could seek help from the DHHR to find housing, petitioner responded that she did not want to because "nobody has ever helped her before." The DHHR alleged that petitioner was offered services such as adult life skills, parenting classes, transportation, SNAP benefits, and medical cards, but she did not utilize those services. In February of 2018, the children's maternal uncle reported to a CPS worker that petitioner and the father dropped L.S. off at his home intermittently for three months

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

prior to the filing of the petition without telling him where they were going or how long they would be gone. The uncle explained that the parents would be gone anywhere from one day to one week at a time and L.S. hid under the bed when his parents came to get him because he did not want to go with them.

Petitioner waived her right to a preliminary hearing in March of 2018. The circuit court granted her supervised visitation with the children pending clean drug screens. On April 5, 2018, petitioner stipulated to the allegations of abuse and neglect. She later filed a motion for a post-adjudicatory improvement period in July of 2018, which the circuit court granted.

On September 2, 2018, the circuit court held a hearing on the DHHR's motion to terminate petitioner's post-adjudicatory improvement period due to her failure to comply with its terms and conditions. The DHHR presented evidence that petitioner tested positive for methamphetamine and buprenorphine on March 2, 2018, and failed to test again until June of 2018 when she tested positive for alcohol. Petitioner tested positive for alcohol again in July of 2018 and then tested positive for methamphetamine and amphetamines multiple times in August of 2018. On August 13, 2018, petitioner refused to drug screen. The DHHR also presented evidence that petitioner failed to participate in a psychological evaluation and that she visited with the children only once during the proceedings. Further, petitioner completed part of her individualized parenting training program, but later ceased participation. The DHHR was also not aware of a "safe, clean and sanitary residence" that petitioner could provide for herself and the children.

Petitioner then testified on her own behalf. She explained that she made an appointment for a psychological evaluation because the DHHR did not set one up for her. She testified that her visitation was terminated and that she did not have housing. She also testified that she obtained employment in August of 2018, but did not provide any pay stubs. When asked about demonstrating her ability to meet the children's needs, petitioner responded, "I feel that's kind of irrelevant to this. They're not with me right now." Based upon the evidence presented, the circuit court terminated petitioner's post-adjudicatory improvement period, finding no substantial likelihood that petitioner could successfully complete the improvement period.

On November 7, 2018, the circuit court held a dispositional hearing. Petitioner failed to appear for the hearing, but was represented by counsel. A CPS worker testified that petitioner had only contacted her once since the last hearing. The CPS worker further testified that petitioner provided no information to lead her to believe that petitioner had made any progress. The CPS worker also mentioned petitioner's inability to produce clean drug screens and her multiple positive screens for methamphetamine. In its dispositional order, the circuit court found that petitioner was aware of the dispositional hearing, but failed to appear. The circuit court also found that petitioner failed to comply with the terms and conditions of her improvement period and that there was "no substantial likelihood of an improvement period success." Ultimately, the circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. The circuit court also found that the children needed permanency, security, stability, and continuity of care, and that the termination of petitioner's

parental rights was in their best interests. The circuit court terminated petitioner's parental rights in its December 17, 2018, dispositional order.[2] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period. In support, she contends that her caseworker went on leave for six weeks, leaving petitioner to "fend for herself." Additionally, she asserts that she did not complete her parenting skills program because the provider "moved away and stopped teaching." Also, petitioner argues that the DHHR "did not offer any help to deal with the addiction." Petitioner's arguments are meritless. Petitioner fails to acknowledge that when a parent is granted an improvement period, he or she "shall be responsible for the initiation and completion of all terms of the improvement period." W. Va. Code § 49-4-610(4)(A). Although petitioner was responsible for the initiation and completion of the terms and conditions of her improvement period, she did not complete her parenting skills program or participate in a psychological evaluation with a drug and alcohol component. Additionally, she failed to provide any negative drug screens during the proceedings. In fact, petitioner tested positive for methamphetamine multiple times. Because she was unable to provide negative drug screens, petitioner had only one visit with the children during the proceedings. Further, while petitioner asserts that she obtained employment and was seeking housing, the record shows that she could not provide any evidence of employment and that she failed to maintain contact with Housing and Urban Development and the DHHR for housing assistance. Moreover, West Virginia Code § 49-4-610(7) provides that "[u]pon the motion by any party, the court shall terminate any improvement period granted pursuant to this section when the court finds that [the parent] has failed to fully participate in the terms of the improvement period." Because petitioner failed to participate in services and fully comply with the terms and conditions

---

[2]The father's parental rights were also terminated. According to respondents, the permanency plan for L.S. is adoption by his paternal grandmother and the permanency plan for D.S. is adoption by his maternal uncle.

3

of her post-adjudicatory improvement period, we find no error in the circuit court's termination of petitioner's improvement period.

Petitioner also argues that the circuit court erred in terminating her parental rights. In support, she contends that the circuit court should have granted her a less-restrictive dispositional alternative. We disagree. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent has

> not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

The evidence discussed above also supports the termination of petitioner's parental rights. Petitioner failed to substantially comply with the terms and conditions of her improvement period. She failed to obtain adequate housing for herself and the children and continued to abuse substances throughout the proceedings. Due to her continued substance abuse, petitioner was unable to visit with the children except for one time. Additionally, petitioner failed to attend the dispositional hearing, despite having knowledge of the hearing. Based on this evidence, it is clear that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the termination of her parental rights was in the children's best interests. While petitioner argues that the circuit court should have granted her a less-restrictive dispositional alternative, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Therefore, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 17, 2018, dispositional order is hereby affirmed.

Affirmed.

4

**ISSUED**:  June 12, 2019


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison